**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Paul Finger,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV18-0667 PHX DGC (BSB)<br><br>**ORDER** |

Pending before the Court are the petition for writ of habeas corpus filed by *pro se* Petitioner Stephen Paul Finger (Doc. 1) and the Report and Recommendation ("R&R") issued by Magistrate Judge Bridget S. Bade (Doc. 11). The R&R recommends that the petition be denied because Petitioner's claims are procedurally barred. Doc. 11. Petitioner has not requested oral argument. For the reasons that follow, the Court will accept the R&R and deny the petition.

**I.    Background.**

Petitioner pleaded guilty in Maricopa County Superior Court to trafficking in stolen property and theft of a means of transportation. Doc. 11 at 1-2. He was sentenced to a ten-year term of imprisonment for the trafficking conviction and three years' probation for the theft conviction. *Id*. His § 2254 petition raises four grounds for relief.[1] In Ground

---

[1] Petitioner disregarded the instruction provided with the court-approved § 2254 petition form, which states: "Exhibits should not be placed in the middle of your petition."

One, Petitioner claims he received ineffective assistance of counsel. Doc. 1 at 43. In Ground Two, he asserts a due process violation based on missing transcripts and other evidence. *Id.* at 49. In Ground Three, Petitioner appears to allege that there was no evidence or factual basis for his guilty plea. *Id.* at 51. In Ground Four, he appears to challenge the evidence in his case, asserting that new evidence showed the alleged victim did not own the stolen motorcycle and that there was no victim of his crime. *Id.* at 65.

**II.     Legal Standard.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**III.    Analysis.**

Judge Bade recommends that Petitioner's writ be denied because Petitioner failed to "fairly present" his claims to the state courts. Doc. 11 at 3-10. Judge Bade also found that Petitioner failed to show cause and prejudice or a fundamental miscarriage of justice. Doc. 11 at 10-13.

In his objection, Petitioner reiterates several arguments from his § 2254 petition: (1) there was insufficient evidence supporting his plea; (2) counsel did not provide Petitioner's transcripts in violation of Rule 32.4(d); and (3) Petitioner's counsel was ineffective because counsel did not provide a factual basis for Petitioner's plea agreement, did not order "the transcripts" in preparation for a PCR, and did not go to trial after learning that Petitioner's crime had no victim. *Id*. at 3-7.

Petitioner also makes several undeveloped arguments that are not directed at any portion of the R&R: (1) the State admitted to violating Petitioner's constitutional rights and

---

(Emphasis deleted.) To facilitate the Magistrate Judge's and Respondents' review of the Petition, the Court has included the page numbers on which Petitioner's grounds for relief are presented. Citations refer to the document and page number generated by the Court's Electronic Case Filing system.

- 2 -

that there was insufficient evidence to warrant a conviction; (2) Arizona Rules of Criminal Procedure 39(f)(3) provides that the Court may not proceed without a victim; (3) Rule 32.9(3) and 13-4231(a)-(f) apply as stipulated by Judge Bruce Cohen; and (4) in its response briefing, the State admitted that there was insufficient evidence to support his conviction. Doc. 13 at 2.

These arguments are improper objections to the R&R. Under Rule 72(b), objections must be "specific . . . to the proposed findings and recommendations." *Id.*; *see* 28 U.S.C. § 636(b)(1). An obvious purpose of this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013). Because Petitioner did not object to the R&R's procedural bar analysis, the Court will adopt it without further discussion. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

In his reply, Petitioner appears to argue that he had cause to default on his state claims because he had limited access to legal resources and knowledge of the law, and he was hindered by ADHD, SMI, and PTSD. Doc. 17 at 2. Petitioner also asserts that the various errors committed in the case, including improper sentencing, amount to a fundamental miscarriage of justice. *Id.* at 2-3. Generally, the Court does not consider arguments made for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Regardless, Petitioner's arguments do not establish any of the exceptions for procedurally defaulted claims.

A federal court may review the merits of a procedurally defaulted claim if a petitioner shows "cause for the default" and "actual prejudice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). For "cause," a petitioner must establish that "some objective factor external to the defense impeded his efforts to comply with the State's procedural

rule[s]." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For prejudice, a habeas petitioner must show that errors worked an actual and substantive disadvantage, infecting his entire trial with errors of constitutional dimension. *United States v. Frady*, 456 U.S. 152,170 (1982).

Petitioner's lack of legal acumen, limited access to legal resources, and other impairments are not objective external factors to establish cause. *See* Doc. 11 at 11-12; *see also Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012) ("[A] pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy not a sufficient factor for demonstrating cause). Because Petitioner failed to establish cause, the Court need not examine prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*.

Petitioner argues that his sentence was not legal under Arizona Rule of Criminal Procedure 39(g)(3).[2] Doc. 17 at 2. The R&R refers to new evidence that the motorcycle Petitioner was charged with stealing had no legal owner. Doc. 11 at 12-13. Petitioner appears to assert that without a legal owner, he cannot be prosecuted for a crime. *See* Docs. 13 at 2; 17 at 2. Rule 39(g)(3) – Arizona's Victim's Rights rule – provides that a court may not proceed in a matter if a victim has not been notified as part of the statute's victim notification procedures. This rule, which seeks to ensure that crime victims have notice of proceedings, does not purport to bar criminal prosecutions when no victim has

---

[2] Petitioner asserts this argument under Rule 39(f)(3), but there is no Rule 39(f)(3).

been identified. The rule specifically allows prosecutions to proceed without notice to victims when the public policy or due process require. Ariz. R. Crim. P. 39(g)(3). Additionally, Petitioner complains about his sentencing, and improper sentencing does not demonstrate actual innocence of the underlying crime. *See* Ariz. R. Crim P. 32.1 (providing different avenues of relief for procedurally improper sentences and actual innocence claims).

Petitioner also broadly asserts that the judicial errors and amendment violations equate to a miscarriage of justice. Doc. 17 at 2. Petitioner does not point to newly discovered evidence proving no reasonable juror would have found him guilty beyond a reasonable doubt. *See Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("[T]he fundamental miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt."). Petitioner merely alludes to the alleged constitutional violations and other procedurally barred claims. Doc. 17 at 2.

In sum, Petitioner did not properly object to the R&R. And the Court does not find that Petitioner had cause to default on his state claims or that he suffered a fundamental miscarriage of justice.

**IT IS ORDERED:**

1. Judge Bade's R&R (Doc. 15) is **accepted**.

2. The petition for writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

4. The Clerk shall terminate this action.

Dated this 23rd day of January, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge